IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Armando Despaigne Zulveta, | ) | C.A. No. 6:18-0070-HMH-KFM |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Gallivan, White, & Boyd, P.A., | ) | |
| Charter Communication, LLC, | ) | |
| Greenville Library System, Letitia H. | ) | |
| Verdin, D. Garrison Hill, Allan Hill, | ) | |
| Chace Campbell, Robin B. Stilwell, | ) | |
| Desiree R. Allen, Hollie M. Jenkins, | ) | |
| Stephen Lopez, Shawn Knox, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Armando Despaigne Zulveta ("Zulveta"), proceeding pro se, is seeking relief pursuant to 42 U.S.C. § 1983. Zulveta files this action in forma pauperis under 28 U.S.C. § 1915. Zulveta alleges conspiracy, fraud, wire fraud, and obstruction of justice against the twelve above-captioned Defendants. (Compl. 1-2, ECF No. 1.) Magistrate Judge McDonald recommends dismissing the complaint without prejudice and without issuance and service of process. (R&R, ECF No. 18.) In addition, Zulveta filed a

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

second motion for leave to proceed in forma pauperis and a motion to recuse the undersigned. (Pl. Sec. Mot. Leave, ECF No. 23); (Mot. Recuse, ECF No. 21.) Having already granted Zulveta's motion for leave to proceed in forma pauperis, the court denies Zulveta's second motion for leave to proceed in forma pauperis as moot. (Feb. 28, 2018 Order, ECF No. 11.)

Zulveta filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Zulveta's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. First, Zulveta objects that dismissal of his complaint is "extremely premature." (Objs. 1, ECF No. 22.) Second, Zulveta objects to the magistrate judge's finding that Letitia H. Verdin ("Judge Verdin"), D. Garrison Hill ("Judge Hill"), Robin B. Stilwell ("Judge Stilwell"), Stephen Lopez ("Lopez"), Shawn Knox ("Knox"), Desiree R. Allen ("Allen"), and Hollie M. Jenkins ("Jenkins") must be dismissed because they are entitled to immunity. (Id. at 2-3, ECF No. 22.)

First, Zulveta contends that dismissal of his complaint is premature because the defendants "have yet to be . . . served the appropriate Summons and Complaint." (Id. at 1, ECF No. 22.) Zulveta filed this action in forma pauperis pursuant to 28 U.S.C. § 1915. Section

1915(e)(2)(B) authorizes the court to dismiss a case at any time if the court determines that the action "is frivolous," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 490 U.S. 319, 325 (1989)). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. Therefore, dismissal prior to the issuance of process in this case is appropriate on the grounds set forth in § 1915(e)(2)(B), and Zulveta's objection is without merit.

Second, Zulveta argues that Judge Verdin, Judge Hill, Judge Stilwell, Lopez, Knox, Allen and Jenkins are not immune from suit. (Objs. 2-3, ECF No. 22.) Zulveta alleges claims of conspiracy and fraud against Judge Verdin, Judge Hill and Judge Stilwell (collectively "state court judges"), based upon their rulings in his state court case. (Compl. 3-7, ECF No. 1.) Upon review, the court finds that all of Zulveta's claims against the state court judges are based upon their judicial duties with respect to Zulveta's state court case. A state court judge has absolute immunity from a claim for damages arising out of a judicial act unless the judge acted in the complete absence of all jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 355-64 (1978); see also Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his [or her] judicial actions.") (citations omitted).

"[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties,

*i.e.*, whether they dealt with the judge in his judical capacity." Stump, 435 U.S. at 362. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. Mireles, 502 U.S. at 12-13; see also Pierson v. Ray, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). Absolute immunity is "an *immunity from suit* rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). In his complaint, Zulveta does not allege that the state court judges acted in the absence of jurisdiction. Based on the foregoing, the court finds that Judge Verdin, Judge Hill, and Judge Stilwell have absolute immunity from all of Zulveta's claims against them. Accordingly, Zulveta's objection is without merit.

Further, Zulveta alleges claims of conspiracy, fraud, wire fraud, and obstruction of justice against Greenville County Clerk of Court employees Lopez and Knox. (Compl. 1-2, 7-8, ECF No. 1.) Zulveta objects to the magistrate judge's finding that Lopez and Knox have quasi-judicial immunity from this suit. (Objs. 3, ECF No. 22.) However, this objection is without merit. Lopez and Knox are entitled to "a derivative of judicial immunity known as quasi-judicial immunity for alleged actions taken in the course of their court duties." Taylor v. Brooks, No. 3:15-1138-RMG, 2015 WL 4274834, at *2 (D.S.C. July 14, 2015), aff'd, 627 F. App'x 206 (4th Cir. Dec. 22, 2015) (unpublished); see also Jarvis v. Chasanow, No. 11-1249, 2011 WL 4564336, at *1 (4th Cir. Oct. 4, 2011) (unpublished) (Clerk of Court employees and other court support personnel who play an integral part in the judicial process are entitled to quasi-judicial immunity.); see also Baccus v. Wickensimer, No. 9:13-1977-DCN, 2013 WL 6019469, at *2 (D.S.C. Nov. 13, 2013) (unpublished) (Claims against the Clerk of Court for Greenville County "are barred by the doctrine of absolute judicial immunity . . . and as the

4

Fourth Circuit recognized in Pope v. Chew, 521 F.2d 400, 405 (4th Cir. 1975), individuals cannot be sued for damages in a § 1983 case for actions stemming from the performance of quasi-judicial functions."). Zulveta's claims against Lopez and Knox are based upon their actions taken as employees for the Clerk of Court for Greenville County. Based on the foregoing, the court finds that Lopez and Knox are entitled to quasi-judicial immunity.

In addition, Zulveta alleges claims of conspiracy and fraud against state court reporters Allen and Jenkins, and, an additional claim of obstruction of justice against Jenkins. (Compl. 1-2, 8, ECF No. 1.) Zulveta objects to the magistrate judge's finding that Allen and Jenkins are entitled to Eleventh Amendment immunity. (Objs. 3, ECF No. 22.) However, Zulveta claims that Allen and Jenkins were "at all times acting within the purpose and scope of their agency and employment." (Compl. 2, ECF No. 1.) Accordingly, Zulveta is suing Allen and Jenkins only in their official capacities. Eleventh Amendment immunity applies to "state employees acting in their official capacity." Harter v. Vernon, 101 F.3d 334, 337 (4th Cir. 1996); see also Barnes v. Thueme, No. 5:13-2349-RMG, 2013 WL 5781711, at *2 (D.S.C. Oct. 25, 2013, aff'd, 559 F. App'x 205 (4th Cir. Mar. 5, 2014) (unpublished) (State court reporter sued in her official capacity was entitled to Eleventh Amendment immunity.). Based on the foregoing, the court finds that Allen and Jenkins are entitled to Eleventh Amendment immunity. Thus, Zulveta's objection is without merit. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation.

Lastly, Zulveta filed a motion to recuse the undersigned from the instant action on April 25, 2018. (Mot. Recuse, ECF No. 21.) 28 U.S.C. § 455(a) provides that "[a]ny justice,

judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." There is no evidence that the court has demonstrated partiality or provided an appearance of partiality. Based on the foregoing, Zulveta's motion for recusal is denied.

Therefore, it is

**ORDERED** that Zulveta's complaint, docket number 1, is dismissed without prejudice and without issuance and service of process. It is further

**ORDERED** that Zulveta's motion for leave to proceed in forma pauperis, docket number 23, is denied as moot. It is further

**ORDERED** that Zulveta's motion for recusal, docket number 21, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 30, 2018

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.